# Supreme Court of Florida

_____

No. SC21-129

_____

## IN RE: AMENDMENT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.130.

January 6, 2022
**<u>CORRECTED OPINION</u>**

PER CURIAM.

This matter is before the Court for consideration of a proposed amendment to Florida Rule of Appellate Procedure 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders). *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(f). We have jurisdiction.[1]

The Florida Bar's Appellate Court Rules Committee (Committee) filed a report proposing an amendment to Florida Rule of Appellate Procedure 9.130. The Committee's proposal follows a referral by the Court asking the Committee to propose rule amendments to provide for the interlocutory appeal of nonfinal

_____

1. *See* art. V, § 2(a), Fla. Const.

- 1 -

orders granting or denying leave to amend a complaint to assert a claim for punitive damages.

The Committee and the Board of Governors of The Florida Bar approved the proposed amendment. The Committee published its proposal for comment prior to filing it with the Court and received two comments. After the Committee filed its report, the Court published the proposal for comment and received three comments.

After reviewing the proposal, considering the comments and response filed, and having had the benefit of oral argument, we adopt the proposed amendment to rule 9.130. Specifically, new subdivision (a)(3)(G) is added to authorize appeals of nonfinal orders that grant or deny a motion for leave to amend to assert a claim for punitive damages.

Accordingly, Florida Rule of Appellate Procedure 9.130 is amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall take effect on April 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS AMENDMENT.

LABARGA, J., dissenting.

Today, the majority abandons our long-standing certiorari procedure for appealing orders that grant leave to include a claim for punitive damages in civil cases. In its place, through an amendment to Florida Rule of Appellate Procedure 9.130, the majority has authorized the classification of such orders as nonfinal in nature, thereby clearing the way for immediate interlocutory appeal.

The unfortunate consequence of this drastic change in appellate procedure will be unnecessary and unwarranted delays in civil actions with claims for punitive damages. Undoubtedly, once the interlocutory vehicle of appellate review is available, it is not unreasonable to expect that the losing party will choose to pursue an immediate appeal of the trial court's order in most, if not all, cases, adding to the caseload of appellate courts. Once the trial court's ruling is appealed, the case will necessarily stall at the trial level until the district court renders a ruling on whether the claim for punitive damages was properly permitted.

Given this additional delay, it is also not unreasonable to anticipate that some claimants in civil cases may reluctantly forgo meritorious claims for punitive damages in order to avoid delay in bringing their cases to a final resolution. Of particular concern are tort cases involving personal injury, where claims for much needed medical and economic relief will stall until the question of punitive damages is resolved. Access to our judicial system with claims authorized by law should not be impeded by unnecessary delay and resulting additional expense.

Tellingly, during oral argument on August 31, 2021, counsel for the Appellate Court Rules Committee of The Florida Bar (Committee) noted that in a 2018 fifty-state survey, no state had a rule like the one adopted today by the majority.[2] Oral Argument at 4:43, https://wfsu.org/gavel2gavel/viewcase.php?eid=2761.

At the heart of the majority's decision is a concern for the privacy of financial discovery. Section 768.72(1), Florida Statutes

---

2. Recently, in *In re Amendment to Florida Rule of Civil Procedure 1.280*, 324 So. 3d 459 (Fla. 2021), we noted that analysis of other states' practices is relevant when reviewing our own state's rules.

(2019), specifically provides that "[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted." Thus, once the trial court approves the addition of a claim for punitive damages, the claimant is entitled to conduct financial discovery to determine the financial worth of the defendant. This process has been the subject of much discussion throughout the years, with the right to privacy of financial information as the major concern. However, the privacy of the financial information disclosed during discovery can be effectively protected by a confidentiality order entered upon the request of the disclosing party. Thus, there is no reason to abandon the existing fair and efficient certiorari review of these rulings.

Finally, while the majority is correct that "[t]he Committee and the Board of Governors of The Florida Bar approved the proposed amendment," majority op. at 2, the Committee did so grudgingly. Upon receipt of the Court's referral letter, the matter was first evaluated by the Committee's civil practice subcommittee (subcommittee). Although the subcommittee recommended the amendment to rule 9.130, it acknowledged that the Committee had previously voted to not recommend an amendment to the rule based

on similar referrals in recent years.  In this instance, however, the subcommittee felt constrained to propose an amendment upon concluding that the Court's referral was a directive to do so.  Report of the Appellate Court Rules Committee, app. at G-15.  During its January 2021 meeting, the full Committee approved the amendment, while also approving the subcommittee's recommendation that "it would not [have supported the amendment] but for the mandate from the Court."  *Id.*

Accordingly, because there is no reason for the majority's drastic, unnecessary, and consequential rule change, I respectfully dissent.

Original Proceeding – Florida Rules of Appellate Procedure

Laura A. Roe, Chair, Appellate Court Rules Committee, St. Petersburg, Florida, Elaine D. Walter, Vice Chair, Appellate Court Rules Committee, Miami, Florida, Honorable Stephanie Williams Ray, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Kansas R. Gooden on behalf of the Florida Defense Lawyers Association, Miami, Florida; Maegen Peek Luka of Newsome Melton, Orlando, Florida, and Bryan S. Gowdy of Creed & Gowdy, P.A., Jacksonville, Florida; and William T. Cotterall on behalf of the Florida Justice Association, Inc., Tallahassee, Florida,

Responding with comments

## RULE 9.130.  PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS

**(a)  Applicability.**

(1) - (2)    [No Change]

(3)    Appeals to the district courts of appeal of nonfinal orders are limited to those that:

(A) - (B)    [No Change]

(C)    determine:

(i) - (ix)    [No Change]

(x)    that a permanent guardianship shall be established for a dependent child pursuant to section 39.6221, Florida Statutes.;

(D)    grant or deny the appointment of a receiver, or terminate or refuse to terminate a receivership; or

(E)    grant or deny a motion to disqualify counsel.;

(F)    deny a motion that:

(i) - (ii)    [No Change]

(iii)    asserts entitlement to sovereign immunity.; or

(G)    grant or deny a motion for leave to amend to assert a claim for punitive damages.

(4) - (5)    [No Change]

**(b) - (i)**     [No Change]

## Committee Notes

[No Change]